LILY MAGERS v. ELLA MAGERS, Appellant.

**Evidence:** ALIENATION OF AFFECTIONS: HEARSAY: SELF-SERVING DECLARATIONS. In a suit by a wife against her mother-in-law for alienating the affection of her husband, testimony that plaintiff had stated that defendant and her husband had attempted to send plaintiff to a private sanitarium, and that the husband gave as a reason for his action that it was defendant's wish, was incompetent as hearsay, and as a self-serving declaration; and evidence that the husband had told her that defendant had asked him to put plaintiff in a sanitarium, and had employed a physician to take her there, was also inadmissible as hearsay.

*Appeal from Henry District Court.*—HON JAMES D. SMYTH, Judge.

TUESDAY, NOVEMBER 23, 1909.

SUIT to recover damages for alienating the affections of the plaintiff's husband. Verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*W. C. Howell, W. F. Kopp,* and *John J. Ney,* for appellant.

*F. S. Finley* and *J. C. McCoid,* for appellee.

SHERWIN, J.—The plaintiff was married to T. F. Magers in June, 1905, in St. Louis. They lived together until early in July, 1907, when the plaintiff left her husband, and went to live with her mother. The defendant is the mother-in-law of the plaintiff, and it was at her home in New London, Iowa, that. the transaction occurred which caused the separation of the plaintiff and her husband. This suit was brought in September, 1907, and upon trial the jury gave the plaintiff a verdict of $6,000. The trial court cut the verdict down to $4,000, and gave the plaintiff a judgment therefor. Over fifty complaints are made of rulings on the introduction of testimony; but, as it is impossible to specifically notice all of them, we shall discuss only such rulings, as we deem of controlling importance in disposing of this appeal. Most of the rulings arose over objections to conversations between the plaintiff and her husband, and, with a few exceptions to be hereinafter noticed, the rulings were in line with the decision in *Sexton v. Sexton,* 129 Iowa, 487, and *Hardwick v. Hardwick,* 130 Iowa, 230.

Mrs. Clawson was a witness for the plaintiff, and she was permitted to testify that the plaintiff had stated to her that the defendant, one Dr. Taft, and the plaintiff's husband, had attempted to send plaintiff to a private sanitarium, and that her husband gave as a reason for his action that it was his mother's wish. The testimony was incompetent as hearsay, and as a self-serving declaration of the plaintiff. It was not a part of the *res gestae* nor competent under the rule announced in *Hardwick v. Hardwick, supra.*

The plaintiff was permitted to testify that her husband told her that the defendant had asked him to put plaintiff in a sanitarium, and had employed Dr. Taft to take her there. The testimony was clearly hearsay, and not admissible under any authority. It was no part of the *res gestae,* nor did it in any way indicate the mental attitude

of T. F. Magers towards the plaintiff. That all of the testimony which we have quoted was extremely prejudicial to the defendant is at once apparent.

Much complaint is made of the instructions given by the court, but a careful examination of the instructions separately and as a whole has convinced us that they submitted the case made by the issues to the jury in a fair and intelligible manner and without error.

In view of the probable retrial of the case, we need not discuss the alleged misconduct of jurors, nor shall we discuss the sufficiency of the evidence.

For the errors pointed out, the judgment is *reversed.*